UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CR 04-00770 RGK<br>CV 07-06391-RGK | Date | May 9, 2008 |
|---|---|---|---|
| Title | USA v. James S. Davis | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

### I.    FACTUAL BACKGROUND

On February 12, 2005, following a jury trial in *United States of America v. Davis* (CR 04-0771-RGK), James S. Davis ("Defendant") was found guilty of: (1) carrying a weapon on an aircraft in violation of 49 U.S.C. § 46505; (2) making a false statement in violation of 18 U.S.C. § 1001; and (3) impersonating a federal officer or employee in violation of 18 U.S.C. § 912 (collectively "the impersonation case").

On April 28, 2005, in a subsequent bench trial (CR 04-0770), the Court found Defendant guilty on all seven counts of the indictment which included three counts of tax evasion in violation of 26 U.S.C. § 7201, three counts of witness tampering in violation of 18 U.S.C. § 1512(b)(3), and one count of false statement on a loan application in violation of 18 U.S.C. § 1014 (the "tax case").

On August 29, 2005, Defendant was sentenced to 18 months in custody in the impersonation case, and 63 months in custody in the tax case, with sentences to run consecutively. Defendant thereafter filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 which the Court denied on March 17, 2008. Currently before the Court is Defendant's Motion for Reconsideration of the § 2255 Motion.

### II.    JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 60(b) a party may bring a motion for relief from a judgment due to mistake, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). Absent unusual circumstances, reconsideration is only appropriate where the court is presented with newly-discovered

evidence, the court committed clear error or the decision was manifestly unjust, or there has been an intervening change in controlling law. *Beentjes v. Placer County Air Pollution Control. Dist.*, 254 F. Supp. 2d 1159, 1161 (E.D. Ca. 2003) (citing *School Dist. No 1J, Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). A motion for reconsideration should not be used to reargue the motion or present evidence which should have been presented previously. *Beentjes*, 254 F. Supp. 2d at 1161.

### III.   DISCUSSION

Defendant argues that the Court should reconsider its March 17, 2008 judgment denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Defendant argues that reconsideration of the § 2255 Motion is necessary because: (1) Defendant presents "new" evidence which the Court must consider to properly evaluate the Motion; and (2) the Court committed plain error in evaluating Defendant's arguments. The Court finds these arguments unpersuasive and therefore denies Defendant's Motion for Reconsideration.

#### A.   **Defendant Presents No New Evidence For the Court's Consideration**

Defendant contends that he has submitted "new" evidence for the Court's consideration and therefore is entitled to relief pursuant to Fed. R. Civ. P. 60(b). However, Defendant's alleged "new" evidence is simply a reincorporation of arguments previously made in his § 2255 Motion. The Court addressed these arguments in detail in its March 17, 2008, Judgment and Order. Therefore, because Defendant presents no "new" evidence relevant to a motion for reconsideration, the Court finds no merit to Defendant's argument. *See Westlands Water Dist.*, 134 F. Supp. 2d at 1131 (A motion for reconsideration "is not a vehicle to reargue the motion or to present evidence which should have been raised before.").

#### B.   **The Court Did Not Commit "Clear Error"**

Defendant further contends that the Court committed clear error in its March 17, 2008 Judgment and Order. However, again, Defendant's claim simply reargues the merits of the § 2255 Motion. The Court carefully and painstakingly considered the merits of Defendant's arguments in his § 2255 Motion. Defendant raises no grounds for the Court to find clear error in that judgment. Therefore, in light of the foregoing, the Court **denies** Defendant's Motion for Reconsideration.

### IV.   CONCLUSION

In light of the foregoing, Defendant's Motion for Reconsideration of the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**


   **IT IS SO ORDERED.**




|                    | : |
|--------------------|---|
| Initials of Preparer | slw |