# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CR 04-00770-RGK | Date | June 26, 2008 |

Title   *Davis v. United States*

---

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order Denying Petitioner's Motion to Disqualify Judge R. Gary Klausner**


On November 6, 2007, petitioner James S. Davis filed a motion to disqualify District Judge R. Gary Klausner. Pursuant to General Order 07-02 and Local Rule 72-5, that motion was referred to this court for determination. The court denied Davis's request on November 20, 2007. On June 18, 2008, Davis again filed a motion seeking to "impeach" Judge Klausner. Upon reviewing the motion, the court finds no indication of misconduct by Judge Klausner, and again denies Davis's request.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On February 10, 2005, following a jury trial, defendant James Steven Davis was found guilty of (1) carrying a weapon on an aircraft in violation of 49 U.S.C. § 46505; (2) making a false statement in violation of 18 U.S.C. § 1001; and (3) impersonating a federal officer or employee in violation of 18 U.S.C. § 912. On April 28, 2005, following a bench trial, the court found defendant guilty of three counts of tax evasion in violation of 26 U.S.C. § 7201, three counts of witness tampering in violation of 18 U.S.C. § 1512(b)(3), and one count of false statement in a loan application in violation of 18 U.S.C. § 1014.

During both trials, petitioner was represented by Gerald C. Salseda of the Federal Public Defender's Office. In July 2006, defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant argued he was denied effective assistance of counsel,[1] and alleged that his

---

[1] Defendant-Movant Affidavit of Bias or Prejudice of Judge R. Gary Klausner, Requesting Assignment to Different Judge, November 6, 2007, ("Affidavit of Bias") at 1.

attorney admitted that more than thirty acts or omissions constituted ineffective assistance of counsel.[2] Defendant also filed a motion for release on bail while his motion to vacate was considered. On October 12, 2006, the court found that "none of Defendant's issues present substantial questions which are likely to result in reversal, a new trial, a sentence that does not include imprisonment, or a reduced sentence."[3] Consequently, it denied defendant's motion for bail.

Defendant then filed a motion for leave to conduct discovery related to his motion to vacate and a motion for release on bail. The latter motion was based on an assertion that he had served all the time contemplated by the government's original plea offer, and that his motion to vacate raised a substantial question for appeal. On October 26, 2007, the court denied both motions. After receiving the court's order denying the motions, defendant moved to disqualify Judge Klausner on grounds of bias or prejudice. This court denied Davis's motion on November 20, 2007.

Davis filed the present motion on June 18, 2008, seeking to disqualify Judge Klausner for judicial misconduct due to events that occurred at his sentencing. Prior to his sentencing in August 2005, Davis filed an *ex parte* application to have new counsel appointed due to an alleged conflict of interest affecting Salseda's representation, and a breakdown in communications.[4] The court denied the motion, finding that Salseda had failed to articulate the nature of the conflict sufficiently to permit a determination as to whether good cause existed to grant the application.[5] Davis renewed the application and the court appointed advisory counsel for the limited purpose of consulting with Davis regarding possible waiver of the attorney-client privilege. Davis subsequently waived the privilege,[6] and on August 29, 2005, the court conducted an *in camera* conference with Salseda to discuss the conflict. Davis was not present at the conference.[7] Following the conference, the application was again denied, and Judge Klausner sentenced Davis.[8]

Davis appears to allege that by holding an *in camera* hearing outside his presence, and later sealing

---

[2]*Id*. at 1-2.

[3](In Chambers) Order re Defendant's Motion for Bail, October 12, 2006 at 2.

[4]Petitioner's Judicial Notice of Intent to Seek Impeachment of Judge R. Gary Klausner for Judicial Misconduct in Deprivation of Constitutional Rights, Under Color of Law ("Pet.'s Mot."), Exh. A-2 (Declaration of Gerald C. Salseda ("Salseda Decl."), ¶ 1).

[5]Salseda Decl., ¶ 2; Docket Entry No. 93.

[6]Salseda Decl., ¶¶ 3-6; Docket Entry No. 95.

[7]Docket Entry No. 106.

[8]*Id.*

the record, Judge Klausner violated his due process rights and rendered his conviction and sentence void.[9] Davis contends that the decisions to exclude him from the *in camera* conference and to seal the record were both part of a larger effort on Judge Klausner's part to conceal relevant facts.[10] Because of this concealment, Davis contends that his counsel's "deficiency" and "ineffective assistance" remained undisclosed, and that he has been harmed as a result.[11]

## II. DISCUSSION

### A.   Legal Standard Governing Disqualification

The disqualification of federal judges is governed by 28 U.S.C. §§ 144 and 455.  See, e.g., *Liteky v. United States*, 510 U.S. 540, 548 (1994).  Under § 144, a party seeking the recusal or disqualification of a judge must file a timely affidavit attesting that the judge to whom the matter has been assigned has a personal bias or prejudice either against him or in favor of an opponent.  Specifically, the affidavit must state "the facts and reasons for the belief that bias or prejudice exists."  28 U.S.C. § 144.  Under § 455, judges must disqualify themselves whenever their impartiality might reasonably be questioned or when they have a personal bias or prejudice concerning a party.

Under both §§ 144 and 455, the standard for disqualification is the same – "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997).  The bias or prejudice that must be shown is not merely a favorable or unfavorable disposition toward a party, but rather a "favorable or unfavorable disposition or opinion *that is somehow wrongful or inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess."  *Liteky*, 510 U.S. at 550 (emphasis added).  For this reason, "the alleged bias and prejudice . . . must stem from an extrajudicial source."  *Id.* at 544.  "[O]pinions formed by the judge on the basis of facts introduced or evidence presented during the course of the proceedings are not grounds for disqualification unless there is evidence of such deep-seated favoritism or antagonism that fair judgment would be impossible."  *Id.* at 555; see also *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

### B.   Whether Judge Klausner Should Be Disqualified

To demonstrate that a judicial officer is personally biased or prejudiced, a party's affidavit must contain specific facts that "fairly support the contention that the judge exhibits bias or prejudice directed

---

[9] Pet.'s Mot. at 2.

[10] *Id.* at 3.

[11] *Id.*

toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980); see also *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993) ("[t]o warrant recusal, judicial bias must stem from an extrajudicial source").

Davis appears to allege either that Judge Klausner violated his constitutional rights by not permitting him to attend the *in camera* hearing or by refusing to grant his application for appointment of new counsel. Davis suggests that Judge Klausner acted intentionally, with the result that his counsel (whom Davis claims was ineffective) failed to discover information showing that Davis was innocent of the charges against him.

Davis's motion, however, does not contain sufficient facts supporting his assertion that Judge Klausner was biased against him. Davis makes no direct allegation regarding Judge Klausner's bias, stating only that he denied the request for appointment of new counsel "in an effort to conceal the facts."[12] Davis's assertions regarding Judge Klausner's "purposeful concealment" of the facts lacks any evidentiary support, and falls well short of the "specific facts" necessary to support his recusal request. See *Sibla*, 624 F.2d at 868. Moreover, even if Davis's petition did state specific facts, it is devoid of any facts demonstrating that the purported bias "stems from an extrajudicial source." *Id*. The *in camera* hearing with Salseda regarding the conflict of interest did not give Judge Klausner extrajudicial information; rather, he obtained information in his judicial capacity in order to determine whether the conflict between Davis and his lawyer warranted the appointment of new counsel. See, e.g., *United States v. Meester*, 762 F.2d 867, 885 (11th Cir. 1985) ("Tumulty's factual allegations also do not raise an inference of personal bias or prejudice. Rather than seek prompt appellate review with respect to the trial court's *in camera* review of the evidence, Tumulty filed a motion to disqualify the judge. The factual allegations of her affidavit, which we must accept as true, show that the judge received the information in his judicial capacity. Accordingly, she has failed to show bias stemming from an extrajudicial source").

Additionally, the fact that Judge Klausner issued an order adverse to defendant by denying his application for new counsel is not a basis for disqualification. See *Litkey*, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *Clemens v. U.S. District Court for the Central District of California*, 428 F.3d 1175, 1178-79 (9th Cir. 2005) (noting that the fact that a judge issued adverse rulings against a party is not ordinarily sufficient to require recusal); *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1046 (9th Cir. 1987) ("Texaco supports its allegations of bias merely by pointing to alleged errors at trial. . . . Even if these ruling were erroneous, and we do not suggest that they were, they could not justify a finding of judicial bias [that would support recusal under § 455]"); *Hagans v. Andrus*, 651 F.2d 622, 628 (9th Cir. 1981) ("It is not a ground for disqualification that the judge has ruled against the moving party or that he may have committed an error of law," citing *United States v. Conforte*, 624 F.2d 869 (9th Cir. 1980)); *Studley*, 783 F.2d at 939 (judge's prior rulings adverse to a tax-protestor defendant were not a sufficient cause for recusal).

---

[12]*Id.* at 2-3.

      Finally, the court notes that there are presently no motions or other proceedings pending before Judge Klausner.  There is thus nothing from which Judge Klausner could be disqualified even if adequate grounds had been presented.

### III.  CONCLUSION

      For the reasons stated, petitioner's motion to disqualify Judge R. Gary Klausner is denied.